JOSEFINA ZEDA BATISTA, peticionaria, *v.* ADMINISTRACIÓN DE SERVICIOS DE SALUD MENTAL Y CONTRA LA ADICCIÓN, recurrida.

*Número:* CC-2017-0167     *Resuelto:* 5 de junio de 2017

Sala de Despacho integrada por la Jueza Presidenta Oronoz Rodrí-guez, la Jueza Asociada Señora Pabón Charneco y el Juez Asociado Señor Feliberti Cintrón.

## RESOLUCIÓN

Atendida la Petición de *Certiorari* presentada por la parte peticionaria, *se provee "no ha lugar"*.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez expediría y emitió un Voto particular disidente.

*(Fdo.)* Juan Ernesto Dávila Rivera
*Secretario del Tribunal Supremo*

— O —

Voto particular disidente emitido por la Jueza Presidenta Oronoz Rodríguez.

¿Qué protección otorgan la Constitución de Puerto Rico y la Constitución de Estados Unidos a los contratistas independientes cuyos contratos no son renovados por discrimen político? ¿Qué constituye una decisión adversa y a quién se puede responsabilizar por ella en este contexto? Estas son algunas de las controversias que el Tribunal tiene ante su consideración en este caso. Porque estoy convencida de que una Sala de este Tribunal desaprovechó la oportunidad de expresarnos sobre un asunto de alto interés público al denegar el recurso, disiento. En su lugar, recomiendo expedir el auto de *certiorari* y estudiaría a fondo si procede revocar el dictamen recurrido.

La Sra. Josefina Zeda Batista (peticionaria) es psicóloga clínica. Adicional a su oficina privada, trabajó para la Admi-

nistración de Servicios de Salud Mental y Contra la Adicción (ASSMCA) desde el 2006 a través de varios contratos de servicios profesionales. En ese trabajo prestaba servicios a los clientes del Centro de Servicios Ambulatorios de Arecibo del Programa de "Drug Court". El último contrato otorgado a la peticionaria venció en diciembre de 2010, pues no fue renovado a pesar de su desempeño excelente.

Lo anterior provocó que la peticionaria presentara una demanda sobre discrimen político y represalias contra ASSMCA. En esencia, alegó que no se renovó su contrato por ser miembro del Partido Independentista Puertorriqueño (PIP). El Tribunal de Primera Instancia declaró "ha lugar" la demanda. Razonó que la peticionaria probó un caso *prima facie* de discrimen político, ya que su afiliación política era conocida y que fue reemplazada por un psicólogo que compartía la ideología política de la autoridad nominadora. Señaló que los testigos presentados por ASSMCA no le merecieron credibilidad ni pudieron explicar la razón por la cual no se renovó el contrato de la peticionaria.

En cambio, el Tribunal de Apelaciones revocó el dictamen recurrido. Entre otras cosas, entendió que la decisión adversa de no renovar el contrato la tomó el Secretario de la Gobernación, quien no es parte en el pleito, y destacó que ASSMCA solicitó la renovación del contrato, de modo que no actuó de forma discriminatoria. Por otro lado, también cuestionó algunos de los remedios concedidos por el foro primario.

La peticionaria acude ante nosotros y resalta, entre otras cosas, que el foro primario no creyó la teoría de que fue el Secretario de la Gobernación quien decidió no renovar su contrato. Debido a los hechos particulares de este caso, me parece persuasiva su postura de que la no renovación de su contrato era imputable únicamente a ASSMCA. De entrada, considero que debemos examinar el contexto en que se emitieron las expresiones que el foro

apelativo utilizó para atribuirle al Secretario de la Gobernación la no renovación. Por lo tanto, expediría el *certiorari* para determinar si la peticionaria probó su caso de discrimen político y aclarar qué constituye una determinación adversa.

Además, podíamos aprovechar esta ocasión para profundizar sobre lo resuelto en este tema por el Tribunal Supremo federal en *Board of County Comm'rs, Wabaunsee County, Kan. v. Umbehr*, 518 US 668 (1996), en *O'Hare Truck Service, Inc. v. City of Northlake*, 518 US 712 (1996), así como su progenie en los Tribunales Federales de Apelaciones. Véase *Aponte Burgos v. Aponte Silva*, 154 DPR 117, 127 (2001) ("la prohibición del discrimen político en relación al empleo público de la Constitución federal es tan abarcadora que el Tribunal Supremo de Estados Unidos la ha extendido incluso a contratistas independientes, que no son técnicamente empleados públicos" [énfasis suprimido]). Además, no podemos negar que, lamentablemente, en Puerto Rico abundan los casos de discrimen político. Véase A. Sabater Baerga y J.R. Santiago Cruz, *A Spoiled Spoils System: Puerto Rico's Epidemic of Political Discrimination and the Federal Courts*, 85 (Núm. 4) Rev. Jur. UPR 1327, 1351 (2016) ("50.8% of all cases regarding political discrimination reviewed by the circuit courts have come from the District Court of Puerto Rico"). Le corresponde a este Tribunal velar por el cumplimiento de nuestras garantías constitucionales en una situación que tanto perturba a nuestro país.